## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 (MAS) (RLS) <br> JUDGE MICHAEL A. SHIPP <br> JUDGE RUKHSANAH L. SINGH |

DANENE M. BLOCH ,

         Plaintiff,

v.

JOHNSON & JOHNSON, ET AL.,

         Defendants.

COMPLAINT AND JURY DEMAND

Civil Action No. _____

DIRECT FILED ACTION

## SHORT FORM COMPLAINT
## AND JURY DEMAND

The Plaintiff(s) named below file(s) this *Short Fonn Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Second Amended Master Long Form Complaint* (ECF No. 42100); in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation,* MDL No. 2738, in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form

Complaint as permitted by Case Management Order No. 1 (ECF No. 74).

In addition to those causes of action contained in *Plaintiffs' Second Amended Master Long Form Complaint,* where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

### IDENTIFICATION OF PARTIES

**Identification of Plaintiff(s)**

1.  Name of individual injured due to the use of talcum powder product(s):
Danene M. Bloch
.

2.  At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of
Thomasville, NC
.

3.  Consortium Claim(s): The following individual(s) allege damages for loss of consortium:   N/A

.

4.  Survival and/or Wrongful Death Claims:

Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death:   N/A

.

5.  Plaintiff/Decedent was born on 3/27/1967 and died on
N/A
.

2

6.    Plaintiff is filing this case in a representative capacity as the

N/A _____ of the N/A _____ ,

having been duly appointed as the N/A _____ by the

N/A _____ Court of N/A _____ .

7.    As a result of using talcum powder products, Plaintiff/Decedent suffered

personal and economic injur(ies) that are alleged to have been caused by the use

of the products identified in Paragraph 16 below, but not limited to, the following:

    ___X___ injury to herself

    _____ injury to the person represented

    _____ wrongful death

    _____ survivorship action

    ___X___ economic loss

    _____ loss of services

    _____ loss of consortium

    _____ other: _____

            _____

**Identification of Defendants**

8.    Plaintiff(s)/Decedent  Plaintiff(s) is/are suing the following

Defendant(s) (please check all that apply): [1]

   ☑   Johnson & Johnson

   ☑   Johnson & Johnson Holdco (NA) Inc. (New JJCI)

   ☑   Janssen Pharmaceuticals, Inc.

   ☑   Kenvue, Inc.

   ☑   Red River Talc LLC

   ☐   Personal Care Products Council (PCPC)[2]

**Additional Defendants:**

   ☐   Other(s) Defendant(s) (please specify): _____

_____

_____

## JURISDICTION & VENUE

### Jurisdiction:

9.    Jurisdiction in this Short Form Complaint is based on:

   ☑   Diversity of Citizenship

   ☐   Other (The basis of any additional ground for jurisdiction must be

---

[1]    If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint.*

[2]    A plaintiff may only assert claims against PCPC if designating New Jersey or the District of Columbia as the venue for-remand in Paragraph 10 of the Sort Form Complaint.

4

pled in sufficient detail as required by the applicable Federal Rules of Civil

Procedure): _____

_____ .

**Venue:**

10.    District Court(s) and Division (if any) in which venue was proper

where you might have otherwise filed this Short Form Complaint absent the

direct filing Order entered by this Court and to where remand could be ordered by

the Judicial Panel for trial:

Middle District of North Carolina - Winston Salem Division
_____

_____ .

## CASE SPECIFIC FACTS

11.    Plaintiff(s) currently reside(s) in (City, State):

Thomasville, NC
_____ .

12.    At the time of the Plaintiffs/Decedent's diagnosis with a talcum powder

product(s) injury, Plaintiff/Decedent resided in (City, State):

Thomasville, NC
_____ .

13.    The Plaintiff/Decedent was diagnosed with a talcum powder product(s)

injury in (City/State): Thomasville, NC _____

on June 2023 _____(date).

14.    To the best of Plaintiff's knowledge, Plaintiff/Decedent began using

talcum powder product(s) on or about the following date: __1982____ and

continued the use of talcum powder product(s) through about the following date:

__2012____.

15.    The Plaintiff/Decedent purchased talcum powder product(s) in the

following (State(s)): __Illinois_____.

16.    Plaintiff/Decedent used the following talcum powder products:

☑    Johnson & Johnson's Baby Powder

☑    Shower to Shower

## CAUSES OF ACTION

17.    Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18.    The following claims and allegations asserted in the *Second Amended Master Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff(s):

☑    Count II: Products Liability-Strict Liability-Failure to Warn
(Against Johnson & Johnson)

☑    Count III: Products Liability-Strict Liability-Failure to Warn
(Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☑    Count IV: Products Liability-Strict Liability-Failure to Warn
(Against Red River Talc LLC)

☑    Count V: Products Liability-Strict Liability-Failure to Warn
(Against Kenvue Inc.)

6

☑    Count VI: Products Liability – Strict Liability-Failure to Warn (Against Janssen Pharmaceuticals, Inc.)

☑    Count VIII: Products Liability – Strict Liability-Defective Manufacturer and Design (Against Johnson & Johnson)

☑    Count IX: Products Liability – Strict Liability –Defective Manufacturer and Design (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☑    Count X: Products Liability-Strict Liability – Defective Manufacturer and Design (Against Red River Talc LLC)

☑    Count XI: Products Liability – Strict Liability-Defective Manufacturer and Design (Against Kenvue Inc.)

☑    Count XII: Products Liability – Strict Liability-Defective Manufacturer and Design (Against Janssen Pharmaceuticals, Inc.)

☑    Count XIII: Breach of Express Warranties (Against Johnson & Johnson) .

☑    Count XIV: Breach of Express Warranties (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☑    Count XV: Breach of Express Warranties (Against Red River Talc LLC)

☑    Count XVI: Breach of Express Warranties (Against Kenvue Inc.)

☑    Count XVII: Breach of Express Warranties (Against Janssen Pharmaceuticals, Inc.)

☑    Count VIII: Breach of Implied Warranty of Merchantability (Against Johnson & Johnson)

☑    Count XIX: Breach Implied Warranty of Merchantability (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☑    Count XX: Breach of Implied Warranty of Merchantability (Against Red River Talc LLC)

☑ Count XXI: Breach of Implied Warranty of Merchantability (Against Kenvue Inc.)

☑ Count XXII: Breach of Implied Warranty of Merchantability (Against Janssen Pharmaceuticals, Inc.)

☑ Count XXIII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Johnson & Johnson)

☑ Count XXIV: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☑ Count XXV: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Red River Talc LLC)

☑ Count XXVI: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Kenvue Inc.)

☑ Count XXVII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against Janssen Pharmaceuticals, Inc.)

☑ Count XXIX: Negligence (Against Johnson & Johnson)

☑ Count XXX: Negligence (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☑ Count XXXI: Negligence (Against Red River Talc LLC)

☑ Count XXXII: Negligence (Against Kenvue Inc.)

☑ Count XXXIII: Negligence (Against Janssen Pharmaceuticals, Inc.)

☐ Count XXXIV: Negligence (Against PCPC)

☑ Count XXXV: Negligent Misrepresentation (Against Johnson & Johnson)

8

☑ Count XXXVI: Negligent Misrepresentation (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☑ Count XXXVII: Negligent Misrepresentation (Against Red River Talc LLC)

☑ Count XXXVIII: Negligent Misrepresentation (Against Kenvue Inc.)

☑ Count XXXIX: Negligent Misrepresentation (Against Janssen Pharmaceuticals, Inc.)

☑ Count XL: Fraud (Against Johnson & Johnson)

☑ Count XLI: Fraud (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☑ Count XLII: Fraud (Against Red River Talc LLC)

☑ Count XLIII: Fraud (Against Kenvue Inc.)

☑ Count XLIV: Fraud (Against Janssen Pharmaceuticals, Inc.)

☐ Count XLV: Fraud (Against PCPC)

☑ Count XLVI: Violation of State Consumer Protection Laws of the State of __North Carolina__ (Against Johnson & Johnson)

☑ Count XLVII: Violation of State Consumer Protection Laws of the State of __North Carolina__ (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☑ Count XLVIII: Violation of State Consumer Protection Laws of the State of __North Carolina__ (Against Red River Talc

9

LLC)

☑ Count XLIX: Violation of State Consumer Protection Laws of the

State of __North Carolina__ (Against Kenvue Inc.)

☑ Count L: Violation of State Consumer Protection Laws of the

State of __North Carolina__ (Against Janssen

Pharmaceuticals, Inc.)

☑ Count LII: Fraudulent Concealment (Against Johnson & Johnson)

☑ Count LUI: Fraudulent Concealment (Against Johnson & Johnson Holdco (NA) Inc. (New JJCI))

☑ Count LIV: Fraudulent Concealment (Against Red River Talc LLC)

☑ Count LV: Fraudulent Concealment (Against Kenvue Inc.)

☑ Count LVI: Fraudulent Concealment (Against Janssen Pharmaceuticals, Inc.)

☐ Count LVII: Fraudulent Concealment (Against PCPC)

☑ Count LVIII: Civil Conspiracy (Against All Defendants)

☐ Count LIX: Loss of Consortium {Against All Defendants)

☑ Count LX: Punitive Damages (Against All Defendants)

☐ Count LXI: Wrongful Death (Against All Defendants)

☐ Count LXII: Survival Action (Against All Defendants)

☑ Count LXIII: Assumption of Duty (Against Johnson & Johnson)

☑ Count LXIV: Aiding and Abetting (Against Johnson & Johnson)

10

☑ Count LXV: Acting in Concert (Against All Defendants)

☐ Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in Paragraph nine (9) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure.

_____

_____

_____ .

**WHEREFORE,** Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

11

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated: 5/28/2026 _____

Respectfully Submitted by,

/s/ Bharati O. Sharma
Bharati O. Sharma, Esq.
(NJ Bar # 018432001)
220 East Lake Dr E, # 210
Cherry Hill, NJ 08002
Tel: (856) 532-2085
Fax: (646) 293-7453
bsharma@weitzlux.com

WEITZ & LUXENBERG, P.C.
Counsel for Plaintiff(s)

12